**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**EVELYN VASQUEZ VEGA**                          **CIVIL ACTION NO. 26-301-P**

**VERSUS**                                                   **JUDGE JAMES D. CAIN, JR.**

**PAMELA BONDI, ET AL.**                          **MAGISTRATE JUDGE HORNSBY**

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

**STATEMENT OF CLAIM**

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Evelyn Vasquez Vega ("Petitioner"), pursuant to 28 U.S.C. §2241. This petition was transferred from the United States District Court for the Southern District of Texas to this court on February 3, 2026 because Petitioner, an immigration detainee, was detained in the Richwood Correctional Center in Monroe, Louisiana. Petitioner challenges her continued detention. Petitioner names Pamela Bondi and the Warden of the Broward Transitional Center as respondents.

On February 20, 2026, two orders (Docs. 17 and 20) which were mailed to Petitioner were both returned to this court on February 20, 2026, by the United States Postal Service marked "RETURN TO SENDER -NO LONGER AT THIS FACILITY" (Docs. 21 and 22). To date, Plaintiff has not informed this court of her new address.

All parties have the responsibility of promptly reporting to the court and to all other parties any change in the mailing address.  Failure to do so shall be considered cause for dismissal for failure to prosecute. See LR 41.3D.

Accordingly;

**IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket.  See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1982).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district

court and that were not objected to by the aforementioned party.  <u>See</u> <u>Douglas v.</u>

<u>U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

       **THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this

1st day of April 2026.

 

                                Mark L. Hornsby

                                U.S. Magistrate Judge